Jenny A. Covington SBN 233625
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1600 Utica Avenue South, Suite 600
Minneapolis, MN 55416
Telephone:   (612) 464-7626
Facsimile:    (612) 255-7499
Email: jenny.covington@nelsonmullins.com

Jennifer T. Persky SBN 274804
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:   (424) 221-7400
Facsimile:    (424) 221-7499
Email: jennifer.persky@nelsonmullins.com

Attorneys for Defendants
THE COOPER COMPANIES, INC.
and COOPERSURGICAL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.F., an individual; and G.H., an individual<br><br>Plaintiffs,<br><br>v.<br><br>COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 4:24-CV-00643-JST<br><br>Assigned to:   Judge Jon S. Tigar<br><br>**DEFENDANT THE COOPER COMPANIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Hearing Date and Time: May 23, 2024 – 2:00 pm<br><br>Complaint Filed:   February 6, 2024 |

Defendant The Cooper Companies, Inc. ("CooperCompanies"), by and through its undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the Complaint [Dkt. 1] filed by Plaintiffs E.F. and G.H.

**TABLE OF CONTENTS**

Memorandum of Points and Authorities ................................................................................. 1
I.       Introduction ................................................................................................................. 1
II.      Relevant Factual Background..................................................................................... 1
III.     Standard of Review .................................................................................................... 3
IV.      Argument .................................................................................................................... 4
V.       Conclusion .................................................................................................................. 9

# TABLE OF AUTHORITIES

*Adams v. Johnson*, 355 F.3d 1179 (9th Cir. 2004) ................................................................. 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................... 3, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 3

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011) ............................................ 3

*Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099
(N.D. Cal. May 5, 2011) ........................................................................................................ 4

*Gauvin v. Trombatore*, 682 F. Supp. 1067 (N.D. Cal. 1988) ................................................ 4

*Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104 (C.D. Cal. 2015) ................ 8

*In re iPhone App. Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963
(N.D. Cal. Sept. 20, 2011) ...................................................................................................... 4

*In re Schwarzkopf*, 626 F.3d 1032 (9th Cir. 2010) ................................................................ 8

*Lincoln v. Daylight Chem.*, No. SACV 10-1573, 2011 WL 13225067
(C.D. Cal. Feb. 14, 2011) ....................................................................................................... 8

*Misik v. D'Arco*, 197 Cal. App. 4th 1065 (2011) .................................................................. 8

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ....................................................... 4

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) ......................................... 8

*Public Watchdogs v. S. Cal. Edison Co.*, No. 19-CV-1635, 2019 WL 6497886
(S.D. Cal. Dec. 3, 2019) ......................................................................................................... 7

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) ............................................................... 6

*Saaiman v. Am. Gen. Life Ins. Co.*, No. 18-cv-596, 2019 WL 1864858
(S.D. Cal. Apr. 25, 2019) ........................................................................................................ 8

*Salkin v. United Servs. Auto Ass'n*, 767 F. Supp. 2d 1062 (C.D. Cal. 2011) ....................... 8

*Steinley v. Health Net, Inc.*, No. CV 18-5458 PSG, 2018 WL 6985318
(C.D. Cal. Dec. 4, 2018) .................................................................................................. 5, 8, 9

*U.S. v. Bestfoods*, 524 U.S. 51 (1998) ................................................................................ 6, 7

*Yu v. Design Learned, Inc.*, No. 15-CV-05345-LB, 2016 WL 1621704
(N.D. Cal. Apr. 22, 2015) ................................................................................................... 4, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     Introduction

Plaintiffs have alleged six different claims against The Cooper Companies Inc. ("CooperCompanies") arising from alleged defects in an IVF embryo culture media manufactured and distributed by its indirect subsidiary, CooperSurgical, Inc. Despite a Complaint numbering over one hundred paragraphs, however, Plaintiffs have pled no specific actions on the part of CooperCompanies that would support a plausible claim for relief against it. Rather, Plaintiffs rely upon impermissible collective pleading lumping all the defendants together and fail to differentiate any particular factual allegations against CooperCompanies. Such group pleading is improper and warrants dismissal on its own. Furthermore, Plaintiffs allege no facts against CooperCompanies individually to support a plausible claim. Absent specific factual allegations, the Complaint fails to state a plausible claim against CooperCompanies in either its direct capacity or indirectly through the conduct of its subsidiary. Accordingly, the Complaint and all claims against CooperCompanies must be dismissed.[1]

## II.    Relevant Factual Background

At the Rule 12 stage, CooperCompanies treats the plaintiffs' factual allegations as true for purposes of this motion, as must the Court. Using this standard, CooperCompanies provides a background summary of the relevant facts as the plaintiffs have alleged, while not admitting any of them.

CooperCompanies is a Delaware corporation with its principal place of business located in the state of California. (Compl. ¶ 10.) Plaintiffs identify CooperSurgical as a medical device manufacturer responsible for the development and sale of allegedly defective embryo culture media. (*Id.* ¶¶ 11, 2–3, 54.) Plaintiffs allege CooperSurgical to be a wholly owned subsidiary of CooperCompanies.[2] (*Id.* ¶ 11.)

The Plaintiffs are residents of North Carolina. (Compl. ¶¶ 7–8.) Plaintiffs allege that in November 2023 they worked with an unnamed fertility clinic to help them conceive biological children using

---

[1] In addition to the arguments set forth herein, Cooper Companies further joins and incorporates by reference all the separate substantive grounds for dismissal raised in CooperSurgical's contemporaneous motion to dismiss filed in this matter.

[2] CooperCompanies disputes this characterization of CooperCompanies as the direct parent company of CooperSurgical. CooperSurgical, Inc. is a wholly-owned subsidiary of CooperMedical, Inc., which is owned by CooperCompanies. However, for the purposes of this motion, allegations in the Complaint are accepted as true.

"assisted reproductive technology." (*Id.* ¶¶ 39–41.) The Complaint does not identify in which state the Plaintiffs received their fertility treatment and procedures. Neither CooperCompanies nor CooperSurgical is engaged in the business of performing assisted reproductive technology procedures. Any ART procedures that Plaintiffs underwent would have been performed by a third-party medical provider unaffiliated with the Defendants herein.

Following the extraction and fertilization of multiple eggs using Plaintiffs' eggs and sperm, the fertilized eggs were then placed in an embryo culture media to develop further. (*Id.* ¶¶ 25, 42–44.) During this period, the fertilized egg is intended to begin cell division and eventually develop into the "blastocyst stage," at which point the blastocysts may be cryo-preserved or transferred into the uterus to continue development into an embryo. (*Id.* ¶ 26.) Plaintiffs allege that such blastocysts are typically considered for preservation or transfer around day five or six of the development process. (*Id.*)

On day five of the development process for the Plaintiffs' fertilized eggs, the Plaintiffs were informed that none of their fertilized eggs had yet developed into blastocysts. (*Id.* ¶ 43.) On day six, Plaintiffs learned that three of their fertilized eggs had successfully developed into blastocysts. (*Id.* ¶ 44.) An additional four eggs developed into blastocysts on day seven. (*Id.*) Plaintiffs preserved four of the developed blastocysts and subsequently attempted to transfer one of the preserved blastocysts, but the transfer procedure was unsuccessful, and the blastocyst did not implant in Plaintiff E.F.'s uterus. (*Id.* ¶¶ 44–45.) Plaintiffs were later told that the unsuccessful development of their fertilized eggs may have been due to an allegedly defective embryo culture media. (*Id.* ¶ 46.)

Plaintiffs allege that the failure of their fertilized eggs to develop into blastocysts was caused by defects in the embryo culture media used by their fertility clinic and that said media was manufactured and sold by "Defendants." (*Id.* ¶¶ 1–6.) Citing and relying upon an alleged product brochure written and published by CooperSurgical,[3] Plaintiffs nonetheless allege that "Defendants" were collectively responsible for "manufacturing, marketing, promoting, distributing, and/or selling" the allegedly defective media. (*Id.* ¶¶ 2–3.) Specifically, Plaintiffs allege that the subject embryo culture media lacked

---

[3] The Complaint explicitly quotes and incorporates by reference the brochure in its pleadings. (*See* Compl. at 1 n.1 (citing *Optimize Your Results*, COOPERSURGICAL, https://coopersurgicalfertility-jp.com/wp-content/uploads/Culture-Media-Brochure-V3-US_web.pdf, (last accessed Mar. 18, 2024).)

Magnesium, "a nutrient critical for embryonic development." (*Id.* ¶ 52.) Plaintiffs allege that "Defendants" failed to properly refill the magnesium hooper in their assembly line manufacturing process, thereby causing the resulting media to be manufactured without the intended magnesium component. (*Id.* ¶ 51–52.) Plaintiffs allege that "Defendants" issued a recall of several lots of the embryo culture media in December 2023 and allegedly did not "immediately disseminate notice of the Recalled Lots publicly." (*Id.* ¶¶ 48–49.)

As a result of these events, Plaintiffs allege that they have suffered damages in the form of emotional distress, lost opportunities to conceive, and economic losses due to unsuccessful fertility procedures. (*Id.* ¶¶ 47, 99, 116.)

### III.   Standard of Review

Dismissal is proper under Rule 12(b)(6) "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quotations omitted). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires that the plaintiff provide sufficient "factual content" for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 550 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "In sum, for a complaint to survive a

motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**IV.   Argument**

The Complaint fails to allege a sufficient cause of action against CooperCompanies for two principal reasons. *First*, the Complaint impermissibly pleads general allegations against all defendants collectively without differentiating the specific actions of each defendant or alleging any particular actions on the part of CooperCompanies. *Second*, the Complaint fails to allege any facts to support a plausible inference of liability against CooperCompanies as a direct actor or as the parent corporation of Cooper Surgical.

> a. *The Complaint improperly pleads claims against defendants collectively without differentiating claims against each defendant or identifying the relevant roles of each defendant.*

The Complaint broadly alleges claims against the defendants generally without differentiating or specifying what specific actions each Defendant was responsible for in relation to their claims.

Rule 8 prohibits plaintiffs from "grouping multiple defendants together in a broad allegation." *Yu v. Design Learned, Inc.*, No. 15-CV-05345-LB, 2016 WL 1621704, at*4 (N.D. Cal. Apr. 22, 2015); *see also Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011) ("Undifferentiated pleading against multiple defendants is improper." (citation omitted)). This form of pleading "is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *Yu*, 2016 WL 1621704, at *4. Instead, a plaintiff "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). This requires identifying "what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone App. Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

For example, in *Yu v. Design Learned, Inc.*, the court dismissed a complaint where the plaintiff made "allegations against a group of seven defendants without differentiating among them." 2016 WL 1621704, at *5. In dismissing the claims, the court rejected the plaintiff's arguments that he was unsure

"which defendants are responsible for the alleged wrongdoings" at the pleadings stage, explaining that this type of pleading did not put "defendants on sufficient notice of the allegations against them." *Id.*

Similarly, in *Steinley v. Health Net, Inc.*, No. CV 18-5458 PSG, 2018 WL 6985318 (C.D. Cal. Dec. 4, 2018), the court dismissed the complaint for improperly grouping allegations against the defendants collectively. In that case, the plaintiff sued five different corporate defendants, but throughout the complaint only referred to the five defendants collectively as "Health Net" and failed to direct specific allegations towards specific defendants. *Id.* The court expressly rejected the plaintiff's conclusory allegation that "[e]ach of the defendants is . . . the agent, servant, representative or alter ego of each of the other defendants, and in doing the things hereinafter alleged, each of the defendants was acting in the scope of its authority as such agent, servant, representative, alter ego, and with the permission and consent of each of the other defendants." *Id.* Addressing the plaintiff's improper collective pleading, the court dismissed the complaint and held that "[c]onclusory allegations that an indistinguishable group of defendants essentially engaged in identical misconduct . . . are insufficient to show that plaintiff is entitled to relief from any *individual* defendant." *Id.* (quotations omitted).

Like in *Yu* and *Health Net*, the complaint here improperly lumps together all defendants for all of its allegations, thereby denying CooperCompanies fair notice of the claims against it.[4] Other than identifying CooperCompanies and its principal place of business, (Compl. ¶ 10), the Complaint does not contain a single relevant factual allegation addressing CooperCompanies individually and continuously addresses its allegations to all defendants collectively as "Defendants," making no distinction between the conduct of each company. To the extent any factual allegations are raised against individual defendants, they are limited to CooperSurgical and only specifically assert CooperSurgical's knowledge or actions relative to Plaintiffs' claims. (*See*, *e.g.*, Compl. ¶¶ 2–3, 33, 50, 54.) Indeed, although the Complaint repeatedly implies and confirms CooperSurgical to be the designer, manufacturer, and seller of the subject

---

[4] In addition to Cooper Companies and CooperSurgical, the Complaint lumps an additional fifty unidentified Doe defendants in its collective pleadings against the "Defendants." (*See* Compl. at p. 1.)

product,[5] it offers no allegations whatsoever as to what role, if any, CooperCompanies played in the development or marketing of the same. Having pled against the Defendants collectively without distinction as to any actions allegedly taken by CooperCompanies, the Complaint fails to provide the requisite fair notice to CooperCompanies of the claims brought against it.

Because the Plaintiffs' allegations do not allow CooperCompanies to discern the tortious conduct that it is alleged to have engaged in, the Court should dismiss the complaint as against CooperCompanies.

> b. *The Complaint fails to allege sufficient factual allegations to support a plausible claim for relief against CooperCompanies as the parent corporation of CooperSurgical.*

As stated, the Complaint impermissibly fails to distinguish any factual allegations among the individual defendants. Furthermore, the Complaint fails to allege any plausible claim against CooperCompanies as either a direct actor or vicariously through the conduct of its indirect subsidiary, CooperSurgical.

> i. *The Complaint fails to allege a plausible claim against CooperCompanies based on its direct actions.*

Aside from unsupported conclusory allegations and improper collective pleading, Plaintiffs fail to allege any factual allegations regarding CooperCompanies' individual conduct in relation to the alleged claims. Accordingly, the claims against CooperCompanies must be dismissed for failure to state a claim. *Iqbal*, 550 U.S. at 678 ("""Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (quotations omitted)).

"A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (quoting *Dole Food Co. v Patrickson*, 538 U.S. 468, 474 (2003)). "As a general principle, corporate separateness insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary." *Ranza*, 793 F.3d at 1070 (citing *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998)). "[A]ctivities that involve the facility

---

[5] Plaintiffs repeatedly allege specific actions and knowledge as to CooperSurgical and then subsequently try to impute the same to "Defendants" collectively without any factual support. (*See* Compl. ¶¶ 2–3 (citing culture media brochure published by CooperSurgical); *see also id.* ¶ 30 (quoting statement from CooperSurgical's website); *id.* ¶ 50 (identifying unrelated CooperSurgical product); *id.* ¶ 54 (identifying CooperSurgical as "a manufacturer and distributor of numerous ART products" and alleging CooperSurgical's purported knowledge related to defective embryo culture media).)

but which are consistent with the parent's investor status, such as monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulatio of general policies and procedures, should not give rise to direct liability." *Bestfoods*, 524 U.S. at 72 (alteration in original). A parent company may only be "directly liable for its own actions where the alleged wrong can seemingly be traced to the parent through the conduit of its own personnel and management and the parent is directly a participant in the wrong complained of." *Public Watchdogs v. S. Cal. Edison Co.*, No. 19-CV-1635, 2019 WL 6497886, at *13 (S.D. Cal. Dec. 3, 2019) (quoting *Bestfoods*, 524 U.S. at 64–65).

In *Public Watchdogs*, the court dismissed all claims against a parent corporation where the Complaint failed to distinguish its allegations against the parent corporation and merely pled its claims against the "Defendants" collectively. *Id.* at 13–14. The court noted that although the plaintiff made numerous factual allegations against the "Defendants" collectively, he failed to allege any particular actions that were taken by the parent corporation. *Id.* The *Public Watchdogs* court specifically identified at least forty-six different paragraphs in the Complaint containing factual allegations against the "Defendants" as a group. *See id.* at 14 ("Although there are many allegations pertaining to the 'SONGS Defendants,' *see, e.g., id.* ¶¶18–19, 21–26, 29–30, 32–39, 41–44, 50, 52–53, 56, 58–59, 62–69, 71–74, 76–80, 85, 93–94, 96–99, which Plaintiff defines to include Sempra, *see id.* ¶ 8, there are only passing references to Sempra in the Amended Complaint, none of which allege particular actions taken by Sempra." (citations omitted)). Yet, nonetheless, the court held that such generalized collective pleadings were insufficient to state a claim against the parent corporation absent particular allegations as to the parent's conduct. *Id.* Accordingly, the court dismissed all claims against the parent corporation. *Id.*

Like *Public Watchdogs*, the present Complaint fails to allege any particular conduct on the part of CooperCompanies. Aside from initially identifying CooperCompanies as a party, (Compl. ¶ 10), the Complaint otherwise alleges no specific conduct by CooperCompanies itself. The only other paragraphs in the Complaint that identify CooperCompanies expressly only do so in tandem with CooperSurgical. (*See* Compl. ¶¶ 28, 31.) Even those paragraphs, however, allege only broad conclusory allegations against the two defendants collectively without distinction between the two. (*See id.*) Given the absence of any factual allegations concerning CooperCompanies' direct involvement in the actions underlying Plaintiffs

causes of action, the Complaint fails to state a plausible claim for relief against CooperCompanies and must be dismissed accordingly.

> ii. *The Complaint fails to allege sufficient factual allegations to support a plausible claim for relief against CooperCompanies for the conduct of its subsidiary.*

The Complaint similarly fails to allege a plausible claim against CooperCompanies for any vicarious liability arising from the conduct of its indirect subsidiary, CooperSurgical.

Under California law, a parent corporation may be held vicariously liable for the acts of its subsidiary only if that subsidiary is either the agent or alter ego of the parent. *Salkin v. United Servs. Auto Ass'n*, 767 F. Supp. 2d 1062, 1065 (C.D. Cal. 2011). "In determining whether alter ego liability applies, we apply the law of the forum state." *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010). To state an alter ego relationship under California law, a plaintiff must establish that "(1) there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased, and (2) an adherence to the fiction of the separate existence of the corporation . . . would sanction a fraud or promote injustice." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017). The determination of alter ego liability is a question of fact, not law. *Misik v. D'Arco*, 197 Cal. App. 4th 1065, 1071–72 (2011). However, "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim." *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015). "Rather a plaintiff must allege specific facts supporting both of the necessary elements." *Id.*

To allege claims based on agency liability, Plaintiff must plead specific facts, rather than mere conclusory allegations. *See Lincoln v. Daylight Chem.*, No. SACV 10-1573, 2011 WL 13225067, at *7 (C.D. Cal. Feb. 14, 2011) (holding "[m]ere conclusory allegations are not sufficient" to allege agency liability (citing *Iqbal*, 556 U.S. at 663–64)); *see also Steinley*, 2018 WL 6985318, at *5–6 (dismissing conclusory allegations of agency relationship). "Whether a principal-agent relationship exists between a parent corporation and its subsidiary hinges on the degree of control the parent exerts over the subsidiary." *Saaiman v. Am. Gen. Life Ins. Co.*, No. 18-cv-596, 2019 WL 1864858, at *4 (S.D. Cal. Apr. 25, 2019) (citing *Sonora Diamond Corp. v. Sup. Ct.*, 83 Cal. App. 4th 523, 541 (2000). An agency relationship requires a showing that the parent "moved beyond the establishment of general policy and direction for the subsidiary and in effect [took] over performance of the subsidiary's day-to-day operations in carrying

out that policy").

In this case, Plaintiffs have proffered no specific factual allegations to support an alter ego or agency theory of liability against CooperCompanies. Although the Complaint contains a conclusory assertion that the defendants acted in concert as "the agents, representatives, and/or employees of each and every other Defendant," (Compl. ¶ 13), the Complaint provides no factual allegations to support that claim. Indeed, Plaintiffs have alleged no facts whatsoever to suggest an impermissible degree of control of CooperCompanies over CooperSurgical. Absent factual support, the Complaint's lone conclusory allegation is insufficient to state a plausible claim based on alter ego or agency theories of liability. *See Steinley*, 2018 WL 6985318, at *5–6 (addressing similar conclusory allegations of agency relationship and dismissing claims against parent corporation).

Further, Plaintiffs plead no facts at all in support of the second prong of alter ego liability, which demands a showing that an inequitable result will follow if the Court considers the actions taken by CooperSurgical to be those of CooperSurgical alone. Specifically, Plaintiffs present no facts that CooperSurgical would be unable to satisfy a judgment that Plaintiffs might obtain. Thus, Plaintiffs fail to plead facts sufficient to state any claim against CooperCompanies under agency and alter ego theories.

## V.    Conclusion

For the reasons stated, The Cooper Companies, Inc. respectfully requests that the Court grant this motion and dismiss all of Plaintiffs' claims with prejudice.

DATED:  March 19, 2024            NELSON MULLINS RILEY &
                                  SCARBOROUGH LLP

                                  BY:   */s/ Jenny A. Covington*
                                        Jenny A. Covington
                                        Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2024, I electronically filed the foregoing document entitled ***DEFENDANT THE COOPER COMPANIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT*** with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all Counsel of record in this action.

*/s/ Jenny A. Covington*
Jenny A. Covington

4879-6700-8941