[Submitting counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.F., an individual; and G.H., an individual, | Case No. 4:24-CV-00643-JST |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | Assigned to:  Judge Jon S. Tigar<br>Complaint Filed:  February 6, 2024 |
| Defendants. | |
| Q.R., an individual; and S.T., an individual, | Case No. 24-cv-00689 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |

| | |
|---|---|
| I.J., an individual; K.L., an individual, | Case No. 24-cv-00693 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| M.N., an individual; O.P., an individual, | Case No. 24-cv-00696 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| KEARSTEN WALDEN AND ZACHARY WALDEN, | Case No. 3:24-cv-00903 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| A.B., an individual; C.D., an individual | Case No. 4:24-cv-01061 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |

| | |
|---|---|
| J.B., an individual; M.B., an individual | Case No. 3:24-cv-01085 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| CLF 001, an individual; CLF 002, an individual, | Case No. 24-cv-01192 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| CLF 003, an individual; CLF 004, an individual | Case No. 24-cv-01193 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| CLF 005, an individual; CLF 006, an individual, | Case No. 24-cv-01194 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |

| | |
|---|---|
| F.G., an individual; H.I., an individual, individually and on behalf of all others similarly situated, | Case No. 4:24-cv-01261 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| J.S., an individual; A.S., an individual, | Case No. 3:24-cv-01353 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| J.K., an individual; L.M., an individual, | Case No. 3:24-cv-01680 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |
| JAMIE WOODS AND LEE WOODS, | Case No. 4:24-cv-1745 |
| Plaintiffs, | |
| v. | |
| COOPERSURGICAL, INC.; THE COOPER COMPANIES, INC.; and DOES 1-50, inclusive, | |
| Defendants. | |

1

M.N., an individual; O.P., an individual,　　　　Case No. 4:24-cv-01853

2

　　　　　　Plaintiffs,

3

　　　　v.

4

COOPERSURGICAL, INC.; THE COOPER

5

COMPANIES, INC.; and DOES 1-50, inclusive,

6

　　　　　　Defendants.

7

R.S., an individual,　　　　　　　　　　　Case No. 4:24-cv-02031-JST

8

　　　　　　Plaintiff,

9

10

　　　　v.

11

COOPERSURGICAL, INC.; THE COOPER

12

COMPANIES, INC.; and DOES 1-10, inclusive,

13

　　　　　　Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to this Court's order[*] dated April 5, 2024 (*see, e.g.*, *E.F. et al. v. CooperSurgical, Inc., et al.*, Case No. 4:24-cv-00643 Dkt. No. 34), Civil L.R. 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiffs in the above-captioned actions (the "Related Cases") and Defendants The Cooper Companies, Inc. ("Cooper Companies") and CooperSurgical, Inc. ("CooperSurgical") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement.

This case arises from a global recall of three lots of Defendants' embryo culture media, used in *in vitro* fertilization ("IVF") laboratories to develop embryos and/or store eggs and embryos. Plaintiffs are households who underwent IVF with the goal of creating embryos. Plaintiffs allege Defendants' embryo culture media was defective and that they sustained damages as a result.

The parties have made progress on many of the issues specified in the Standing Order for All Judges, and have indicated below where disagreement remains and where they request guidance from the Court. Plaintiffs propose, subject to the Court's approval, that certain issues be deferred pending the appointment of Plaintiffs leadership, which Plaintiffs believe will streamline briefings of early issues raised by Defendants, and early case management and coordination, as detailed further below.

Consistent with Local Civil Rule 16-9, Plaintiffs have prepared the accompanying proposed pretrial order designating a master case caption and setting a process for appointment of designated Plaintiffs' leadership. Defendants oppose the current proposal and believe appointment of leadership counsel is premature.

1. **Jurisdiction and Service:**

    *Subject-matter jurisdiction.*

    **Plaintiffs' Position:** Plaintiffs contend that this Court has subject-matter jurisdiction over the Related Cases under 28 U.S.C. § 1332(a) and—with respect to *F.G., et al. v. CooperSurgical,*

---

[*] CooperSurgical and The Cooper Companies are joining in this submission in compliance with the Court's orders and rules, while expressly reserving their challenges across all of these actions on applicable venue and jurisdictional grounds, including the lack of service and process in certain cases, lack of personal jurisdiction over CooperSurgical, improper venue, and other procedural and substantive defenses. By joining in this submission, Defendants' intent is merely to comply with Court directives, while also maintaining that their expectation is that these actions will *not* proceed in this Court, and it is Defendants' express intention that these actions not proceed here.

*Inc., et al.*, Case No. 4:24-cv-01261—28 U.S.C. § 1332(d). There is complete diversity among plaintiffs in each action and all defendants, and the damages in each action are alleged to exceed $75,000. Plaintiffs in *F.G.* contend that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because *F.G.* is a proposed class action and: (i) there are 100 or more class members; (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) at least one Plaintiff and one Defendant are citizens of different states.

**Defendants' Position:** Defendants do not dispute that this Court has subject-matter jurisdiction over these actions as Plaintiffs have asserted them, but dispute both personal jurisdiction and venue as well as the substantive merits of the allegations on which Plaintiffs assert jurisdiction.

### *Personal jurisdiction and venue.*

**Plaintiffs' Position:** Plaintiffs contend that the Court has personal jurisdiction over Defendants because a significant portions of the acts and omissions complained of occurred in California. Plaintiffs further allege that Defendants each do substantial business in California and intentionally availed themselves of the laws and markets of California.

Plaintiffs contend that venue is proper in this District under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in Contra Costa County.

Plaintiffs do not believe this case management statement is the appropriate vehicle for briefing and/or opposing personal jurisdiction or determining merits issues, but note that, based on information in The Cooper Companies' filings with the Securities and Exchange Commission and Connecticut Secretary of State, it exercises considerable control over its subsidiary. Plaintiffs furthermore request jurisdictional discovery, so the issue of jurisdiction can be determined on a developed record. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

To date, Defendants have filed six motions to dismiss across the cases raising overlapping and cross-cutting issues concerning, among other things, personal jurisdiction as to CooperSurgical and the merit of any claims against the Cooper Companies. As is reflected below, in the interests of efficiency and to avoid duplication of effort, Plaintiffs propose that they file an administrative master complaint, followed by short form complaints, to facilitate omnibus briefing of cross-cutting issues,

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER
Case No. 4:24-CV-00643-JST

under the supervision of Plaintiffs' leadership.[†] Along these lines, to efficiently resolve jurisdictional disputes, Plaintiffs propose two alternative plans. The Parties could conduct jurisdictional discovery before the Plaintiffs file an administrative master long-form complaint, which is discussed further in paragraph 4. Alternatively, Plaintiffs could file an administrative master long-form complaint first, then conduct jurisdictional discovery. The schedule for each proposed plan is detailed below in paragraph 14.

As to timing of discovery, Plaintiffs do not oppose prioritizing the jurisdictional and venue issues alongside core discovery into the nature and impact of the defect. As discussed below, Defendants should immediately produce time-sensitive, clinically significant information that would be discoverable regardless of venue. A stay on all such discovery would be highly prejudicial and inappropriate under the circumstances.

**Defendants' Position:** Defendant CooperCompanies contends it is an improper party to this action as it is merely a corporate affiliate of CooperSurgical and is not involved in  the manufacturing, design, and sale of the subject culture media. CooperCompanies asserts that it has no direct involvement in the manufacture, design, or sale of the product at issue, and it cannot be held vicariously liable based solely on corporate affiliation. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("As a general principle, corporate separateness insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary." (quotations omitted)).

Defendant CooperSurgical contends the Court lacks personal jurisdiction over it because it is not a citizen of California, and there is no basis for specific jurisdiction over it as to the claims here. CooperSurgical similarly contests this venue as inappropriate because the Plaintiffs in these related matters are also not citizens of California, and the facts giving rise to these actions did not

---

[†] These are standard procedures in mass tort litigation, including here in this district. *See, e.g.*, PTO No. 11 Stipulated Order Re: Adoption of Master and Short-Form Complaints, *In Re: Uber Passenger Sexual Assault Cases*, Case No. 3:23-md-03084-CRB (Doc. No. 349) (March 20, 2024); CMO No. 7 Order Governing Adoption Of Master Complaint (Personal Injury) And Short Form Complaint (Personal Injury), *In Re: Juul Labs, Inc., Marketing, Sales Practices, And Products Liability Litigation*, Case No. 19-md-02913-WHO (Doc. No. 405) (March 27, 2020). *See also Manual for Complex Litigation* § 22.36.

occur in California. Indeed, Plaintiffs' have pled no facts supporting that any acts or omissions complained of occurred in California. California's only connection to these cases is the location of CooperCompanies, which is an improperly joined party. Defendants oppose jurisdictional discovery at this juncture and assert that Plaintiffs should first have to plead jurisdiction and venue with sufficiency prior to discovery.

While Defendants are not opposed to an appropriate method of addressing these issues that preserves judicial resources, respectfully, the jurisdiction and venue are threshold issues that should be resolved before all others. Defendants have already moved to dismiss on these grounds in most actions, and the Court's resolution of the currently pending motions on those issues should resolve these issues as to all these related actions. Defendants submit addressing these issues first will provide the most efficient and economical path.

In addition, as set forth below, Plaintiffs' current proposal for a so-called master pleading improperly blurs the procedural lines between Master Long-Form Complaints and Administrative Complaints, which have different operational effects.  As it stands, Plaintiffs have all pled their matters separately. Thus, Defendants oppose  Plaintiffs' current proposal. Defendants have already responded to many of these Complaints, some in advance of coordination (likely with threshold motions on jurisdiction, venue, and 12(b)(6) grounds), and any discovery should be stayed until these issues are determined by the Court. But Plaintiffs' vague proposal of a master complaint of some kind is both undefined and unnecessary at this time and would only set the parties and the Court further back.

Defendants as set forth below oppose Plaintiffs' proposals concerning discovery and request the opportunity to brief these issues fully before any discovery proceeds in these matters.

***Service.***

Defendants have been served in the majority of the Related Cases. Defendants have not authorized their counsel to accept service, and thus Plaintiffs' counsel in the unserved cases are in the process of serving Defendants via their registered agents for service.

There are four (4) cases where the Court has not issued summons because Plaintiffs' motions to proceed under pseudonyms are under submission. These include *A.B., et al. v. CooperSurgical,*

*Inc., et al.*, Case No. 24-cv-01061; *F.G., et al. v. CooperSurgical, Inc., et al.*, Case No. 4:24-cv-01261; *N.O., et al. v. CooperSurgical, Inc., et al.*, Case No. 24-cv-02042; and *R.S. v. CooperSurgical, Inc.*, Case No. 24-cv-02031.

The Parties have agreed Plaintiffs may proceed under pseudonyms under a protective order and have proposed a stipulated order, attached as Exhibit A. The Parties have also agreed to a protective order that is materially identical to the Northern District's Model Protective Order, which the Court has entered in *A.B., et al. v. CooperSurgical, Inc., et al.*, Case No. 24-cv-01061. *See A.B.*, Dkt. No. 32.[‡] Accordingly, the parties respectfully request that Plaintiffs' motions to proceed under pseudonyms in the *A.B.*, *F.G.*, *N.O.*, and *R.S.* actions be granted so summons can issue, and Plaintiffs can proceed with service in the remaining matters.

## 2.   Facts:

**Plaintiffs' Position:** Plaintiffs in the Related actions allege that they engaged various fertility clinics to help them have children via *in vitro* fertilization, or "IVF"—a process where human eggs are fertilized with sperm to create embryos, which can then be transferred into a woman's body resulting in pregnancy.

Plaintiffs allege that Defendants design, manufacture, market, and sell IVF culture media—a solution used to help develop embryos to the point where they can be transferred—to fertility clinics around the country. Plaintiffs further allege that Defendants marketed their embryo culture media as providing an optimized *in vitro* environment, which is necessary to ensure that fertilized human eggs can survive and develop into embryos that are viable for transfer and can lead to successful pregnancies. Plaintiffs allege that certain lots of Defendants culture media were defective and resulted in damage to and/or destruction of their eggs and embryos.

On December 3, 2023, CooperSurgical recalled three lots of their embryo culture media. Plaintiffs allege that each of their clinics used the recalled media on their embryos, damaging, destroying, and/or compromising them. Plaintiffs allege that they have suffered substantial harm as

---

[‡] Defendants have only agreed to this MPO in cases in which they have appeared. Defendants do not waive any venue or jurisdictional arguments they may have in other matters.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER
Case No. 4:24-CV-00643-JST

a result of Defendants' conduct, including loss of irreplaceable human reproductive material, economic loss, pain, suffering, and emotional distress.

**Defendants' Position:** Defendants dispute these various allegations, but do not address these issues in detail as these are matters that should proceed in each case in the appropriate Federal venues upon transfer.

**3.** <u>**Legal and Factual Issues:**</u>

The following issues of law and fact are likely to require adjudication:

**Plaintiffs' Position:**

a) Whether Defendants failed to adequately design or manufacture the recalled culture media;

b) Whether Defendants failed to adequately warn Plaintiffs of the risk of harm to eggs and embryos exposed to the recalled culture media;

c) Whether Defendants owed Plaintiffs a duty to exercise reasonable care in the design, manufacture, sale, and distribution of the recalled culture media;

d) Whether Defendants were negligent in failing to exercise reasonable care in the design, manufacture, sale, and distribution of the recalled culture media;

e) Whether Defendants were negligent in failing to timely recall the defective culture media;

f) Whether California has personal jurisdiction over CooperSurgical;

g) Whether the Court should transfer to another venue;

h) What law applies under California choice-of-law rules (*i.e.*, California or Plaintiffs' home state);

i) Whether Plaintiffs improperly grouped together Cooper Companies and CooperSurgical;

j) Whether Plaintiffs alleged sufficient facts that Cooper Companies is the parent company of CooperSurgical;

k) Whether Plaintiffs sufficiently alleged where events occurred to satisfy Rule 8(a);

l) Whether class certification should be granted as to any or all of Plaintiffs' claims pursuant to Rules 23(b)(2), (b)(3), and/or (c)(4) of the Federal Rules of Civil procedure; and

m) Whether Defendants should be required to compensate Plaintiffs for their losses, and if so, in what amount.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER
Case No. 4:24-CV-00643-JST

n) Whether Defendants are subject to any equitable remedies including restitution or disgorgement of any profits; and

o) Whether Defendants are subject to punitive damages.

**Defendants' Position**

a) Whether the Court should transfer to another venue due to the improper inclusion of CooperCompanies and the lack of personal jurisdiction over CooperSurgical;

b) Whether Plaintiffs improperly grouped together CooperCompanies and CooperSurgical in their pleadings;

c) What causes of action are proper under the alleged circumstances and facts including:

   i) Whether CooperSurgical (or as alleged by Plaintiffs, Defendants) defectively designed or manufactured the recalled culture media (either under negligence or strict liability principals);

   ii) Whether CooperSurgical (or as alleged by Plaintiffs, Defendants) had a duty to warn Plaintiffs of the risk of harm to eggs and embryos exposed to the recalled culture media and failed to adequately do so;

   iii) Whether CooperSurgical (or as alleged by Plaintiffs, Defendants) were negligent in recalling the defective culture media; and,

   iv) Whether any other theories pleaded amongst the various complaints are viable under applicable law.

d) What law applies under California choice-of-law rules (*i.e.*, California, Connecticut, Plaintiffs' home states, or the law of the state where IVF services were rendered.);

e) Whether Plaintiffs sufficiently alleged where events occurred to satisfy Rule 8(a);

f) Whether in F.G. and H.I. v. Cooper Companies, Inc. et al., 4:24-cv-01261-JST, class certification should be granted as to any or all of the claims pursuant to Rules 23(b)(2), (b)(3), and/or (c)(4) of the Federal Rules of Civil procedure; and

g) What damages or other relief to which Plaintiffs may be entitled.

Defendants assert that the threshold question stated in subjection 3(a) above should first be decided and the remaining issues decided at an appropriate time after venue and jurisdiction are

established.

**4. Motions:**

To date, Defendants have moved to dismiss the related cases included on the table below.

**Plaintiffs' Position:** Defendants' motions present several cross-cutting and overlapping issues raised by the claims asserted in these cases, as well as certain defenses specific to individual plaintiffs. Plaintiffs' proposal for potential coordination of briefing the various issues are included in paragraph 18, below. As is reflected in the below table, the Parties have agreed to continue the deadlines for Plaintiffs' responses to the motions to dismiss, pending the resolution of their discussions concerning coordinated and/or omnibus briefing. Plaintiffs currently are due to respond to the outstanding motions as early as May 9.

| Case | Date Motion to Dismiss Filed | Opposition Due | Reply Due |
|------|------------------------------|----------------|-----------|
| *E.F. et al. v. CooperSurgical Inc., et al.*, Case No. 24-cv-0643 | March 19, 2024 (Dkts. 25 and 26) | May 21, 2024 (Stip. Dkt. 30) | May 28, 2024 (Stip. Dkt. 30) |
| *J.K. et al. v. CooperSurgical Inc., et al.*, Case No. 24-cv-0693 | March 25, 2024 (Dkt. 28) | May 21, 2024 (Stip. Dkt. 37) | May 28, 2024 (Stip. Dkt. 37) |
| *Walden et al. v. The Cooper Companies et al.*, Case No. 24-cv-0903 | April 1, 2024 (Dkts. 16 and 17) | May 15, 2024 (Stip. Dkt. 26) | May 22, 2024 (Stip. Dkt. 26) |
| *A.B. et al. v. CooperSurgical Inc., et al.*, Case No. 24-cv-1061 | March 26, 2024 (Dkts. 17 and 18) | May 9, 2024 (Stip. Dkt. 25) | May 16, 2024 (Dkt. 25) |
| *J.B. et al. v. CooperSurgical Inc., et al.*, Case No. 4:24-cv-1085-JST | April 4, 2024 (Dkts. 28, 30) | May 21, 2024 (Stip. Dtk. 33) | May 28, 2024 (Dkt. 33) |
| *J. S. et al. v. The Cooper Companies, Inc. et al*, Case No. 24-cv-01353 | April 10, 2024 (Dkt. 20) | May 24, 2024 (Stip. Dkt. 24) | May 31, 2024 (Dkt. 24) |
| *CLF 001 et al. v. CooperSurgical, Inc. et al*, Case No. 4:24-cv-01192-JST | April 16, 2024 (Dkts. 16 & 17) | May 21, 2024 (Stip. Dkt. 24) | May 28, 2024 (Stip. Dkt. 24) |

Separately, the *F.G.* Plaintiffs anticipate filing a motion for class certification. The Parties may also file motions for summary judgment after taking discovery.

Plaintiffs understand that Defendants intend to move to stay discovery pending resolution of the motions to dismiss, and will file those motions in parallel with the briefing schedule agreed to following the master long-form complaint.

**Defendants' Position:** Defendants assert that Plaintiffs' current pleadings each have unique

characteristics currently appropriate for separate adjudication of Defendants' motions.  See also section 4 below.

### 4.  __Amendment of Pleadings:__

**Plaintiffs' Position:** As is reflected in paragraph 18, below, subject to Court approval and to facilitate efficient resolution of cross-cutting issues, Plaintiffs propose the parties file an administrative master long-form complaint to be applicable and adopted by all individual plaintiff cases. Following the filing of an administrative master long-form complaint, Plaintiffs believe short-form complaints (individual abbreviated pleadings that adopt the master long form complaint and allow for additional case-specific defendants, allegations, and claims) should be filed in a format and on a timeline to be negotiated by Plaintiffs' leadership and Defendants. This process provides for coordination and efficiency in addressing common issues, preserving individual ones, and deferring questions of whether some or all claims or cases should be consolidated for pretrial or trial purposes.

Plaintiffs request that the Court order the administrative master long-form complaint to be filed within 30 days of appointment of designated Plaintiffs' leadership, with responses to that complaint to be submitted in accordance with the schedule included in paragraph 18, below. The *F.G.* Class Plaintiffs anticipate filing an amended class complaint alongside the administrative master long-form complaint such that briefing will overlap between the individual plaintiffs and class plaintiffs.

Plaintiffs anticipate amending prior to briefing the cross-cutting issues Defendants have raised. Plaintiffs respectfully submit that the most efficient course is to present cross cutting issues in a single administrative master complaint, with short form complaints to follow, as is customary in mass proceedings of this nature. *See* section 1, fn †. The alternative—multiple overlapping pleadings and briefs—will only needlessly serve to complicate and delay the resolution of these time-sensitive matters.

Defendants' concerns about "blurred lines" would be resolved through the implementation order governing the master pleading. Such order would explain the scope and purpose of the administrative long form complaint, along with the anticipated short form procedure.

**Defendants' Position:** Plaintiffs, throughout their positions expressed in this case management statement, blur the lines between an administrative complaint and a master complaint. Again, an administrative complaint is used for coordination efficiency but does not become the operative pleading. In addition to conflating these two distinct types of overarching complaints, Plaintiffs do not explain what efficiency they propose would be gained by such a filing, while Defendants submit such a filing would only further delay proper adjudication of the threshold issues of jurisdiction and venue. Moreover, the question of whether the Court should entertain such an amended filing depends largely on which type of filing they propose: a merely administrative complaint or a superseding master complaint (with or without accompanying short-form complaints). In addition, as with much of their proposals in this submission, Plaintiffs' amended-complaint proposal is premature, as it presumes these actions will remain in this Court after resolution of Defendants' threshold motions on jurisdiction and venue.

Defendants therefore object to Plaintiffs' current proposal as stated since it creates procedural hurdles to efficient resolution of the motions that Defendants have already filed and impediments to the Court's procedural ability to rule on any future briefing that might be filed in connection with any mere "administrative" complaint.  Notwithstanding these objections, if Plaintiffs' counsel work together to harmonize their pleadings such that certain issues can be coordinated for briefing, Defendants' do not oppose that approach. But that is not what they propose.

**5. Evidence Preservation:**

The Parties conferred on April 18, 2024. During that conference, the Parties discussed evidence preservation. To ensure critical evidence is not lost due to the passage of time or through document or chemical destruction policies, Plaintiffs have specifically requested that Defendants confirm they have preserved certain categories of evidence, such as: (1) samples of each lot of the recalled culture media at issue in the Related Actions, (2) evidence related to the design, manufacture, testing, marketing, promotion, distribution, and/or selling of the recalled culture media; (3) evidence related to the recall and subsequent testing and investigation of the recalled media culture; and (4) evidence relating to the eggs and embryos exposed to the recalled culture media, such as outcome data and impact assessments. As of April 18, 2024, Defendants' counsel was

unaware of the status of the preservation of physical evidence and indicated they would inquire. Defendants' counsel confirmed there is a litigation hold for relevant custodians and would provide custodian information and document retention policies when so required under the Rules.

All Parties' counsel have taken appropriate steps to advise their clients of the duties and obligations to preserve relevant documentation and correspondence.

The Parties certify that they have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties agree to further meet and confer regarding the scope of ESI, if any, as part of their Rule 26(f) conference within 21 days of appointment of designated Plaintiffs' leadership.

**6. <u>Disclosures:</u>**

The Parties have not yet completed their Rule 26(f) conference. Defendants assert that the 26(f) conference should occur only after threshold motion practice, should these cases remain in this District, in the interests of efficiency and conserving judicial resources and in light of Defendants' various process-, jurisdiction-, and venue-based defenses. Plaintiffs propose to complete the 26(f) conference within 21 days of appointment of designated Plaintiffs' leadership.

**7. <u>Discovery:</u>**

***Discovery Taken To Date.*** Plaintiffs anticipate commencing discovery following appointment of designated Plaintiffs' leadership and completion of the Rule 26(f) conference. Plaintiffs may also serve early Rule 34 requests to gather clinically significant, time-sensitive information regarding the precise defect in the recalled embryo culture media, and Defendants' assessments regarding the impact of exposure on developing embryos, including the risks to pregnancy and potential birth defects.

Defendants believe discovery should only commence after determination of the threshold motions.

***The Scope of Anticipated Discovery.*** The subjects on which discovery may be needed include the following.

**Plaintiffs' Position:**

- The defect in the recalled embryo culture media;

- The nature and impact of the recalled culture media on the eggs and embryos exposed to it;

- Data and analysis concerning the success rates and outcomes for eggs and embryos exposed to the recalled culture media;

- Jurisdictional discovery as to Defendant CooperSurgical;

- The contractual and business relationships between the parties;

- Corporate structure and operations;

- ESI;

- Plaintiffs' communications with Defendants and relevant third parties, like fertility clinics and/or medical providers, concerning the recall;

- The recall;

- Investigations and analyses of the recall;

- The procedures, practices, and equipment related to the recalled culture media;

- The design, development, manufacture, pre-market qualitative and adverse event testing, marketing, distribution, and sale of the recalled culture media;

- Defendants' communications concerning the recall;

- Defendants' marketing and advertising materials;

- Defendants' agreements with fertility clinics, including related to communications with patients impacted by the recall;

- Other incidents of defects and/or deficiencies relating to Defendants' fertility-related products; and

- Recommended best practices, policies, and procedures for proper development, manufacture, pre-market qualitative and adverse event testing, and design of IVF culture media.

**Defendants' Position:**   Defendants assert that discovery should be stayed pending the determination of its motions as to the propriety of CooperCompanies as a party and issues of personal jurisdiction and venue as to CooperSurgical. The full scope of appropriate discovery and issues to be addressed in discovery will be unique to each matter and under the appropriate choice of law.

However, wherever these matters proceed, discovery would include but not be limited to:

- Plaintiffs' medical histories including issues of infertility and IVF treatment;
- Issues related to causation; and,
- Issues related to Plaintiffs' out of pocket costs and any medical liens incurred related to their IVF cycles.

***Discovery Plan.***

**Plaintiffs' position:** Plaintiffs propose to meet and confer with Defendants and present a discovery plan, including any proposed changes to the limitations on discovery under the Federal Rules of Civil Procedure in their Rule 26(f) report.

**Defendants' Position:** Defendants assert that discovery should be stayed pending the determination of its motions as to the propriety of CooperCompanies as a party and issues of personal jurisdiction and venue as to CooperSurgical.  The full scope of appropriate discovery and issues to be addressed in discovery will be unique to each matter and under the appropriate choice of law, and in accordance with those individual courts' local rules and practices.

***Phasing.*** The Parties agree that phasing of discovery is inappropriate at this early time.

**Plaintiffs' Position:** In addition to the early Rule 34 requests and jurisdictional discovery discussed above, Plaintiffs intend to propose a schedule for the case, including a timeline for discovery, in connection with their Rule 26(f) report.

**Defendants' Position:** Defendants assert that discovery should be stayed pending the determination of its motions as to the propriety of CooperCompanies as a party and issues of personal jurisdiction and venue as to CooperSurgical.  The full scope and timing of appropriate discovery and issues to be addressed in discovery will be unique to each matter and under the appropriate choice of law, and in accordance with those individual courts' local rules and practices.

**8.  <u>Class Actions:</u>**

**Plaintiffs' Position:** The *F.G.* Plaintiffs seek to maintain their case as a class action, and accordingly submit the following information pursuant to Local Rule 16-9(b). Plaintiffs filed their complaint on March 1, 2024, on behalf of:

All individuals in the United States whose eggs and/or embryos were exposed to Recalled Lots of Defendants' Global Media product (Global Media Lots number 231020-018741, 231020-018742, and 231020-018743).

Excluded from the class are Defendants, their affiliates and subsidiaries, and their officers, directors, partners, employees, and agents; class counsel, their immediate family members, and employees of their firms; counsel for Defendants, their immediate family members, and employees of their firms; and judicial officers assigned to this case and their staffs and immediate family members. *F.G.* is one of the four cases where summons have not yet issued pending a motion to proceed anonymously, as discussed in paragraph 1.

Plaintiffs anticipate they will be able to prove that each of the four requirements of Rule 23(a) is satisfied. First, the proposed class consists of at least hundreds of individuals and families, such that joinder of all of them into a single action would be impracticable. Second, the claims of Plaintiffs and the proposed class members raise common factual and legal questions which are subject to common proof, including whether Defendants acted negligently and violated other laws by defectively designing and manufacturing the recalled culture media, and failing to adopt or warn clients that they lacked reasonable safeguards to ensure the recalled culture media was safe for human eggs and embryos. Third, Plaintiffs' claims are typical of all class members' claims because they all sue on the same theories and are similarly situated in that they all had embryos or eggs that were exposed to the recalled culture media. Finally, Plaintiffs will adequately represent the class since their interests are aligned with those of the proposed class, and they have retained counsel experienced in class action litigation. Plaintiffs also anticipate they will be able satisfy the requirements of Rules 23(b)(2), (b)(3), and (c)(4). While the amount of damage suffered from one Plaintiff to the next will differ, the questions of fact and law relating to Defendants' liability present a significant aspect of all claims, will be established through common proof, and predominate over any questions affecting only individual class members. Through their design, manufacture, marketing, distribution, and sale of the recalled culture media, Defendants also acted and failed to act in ways generally applicable to the entire class, making injunctive and declaratory relief appropriate.

While a determination on the propriety of class certification is premature at this early stage, Plaintiffs submit that class treatment is this case is appropriate given the common issues inherent in a single-event product recall case such as this, coupled with the dispersed nature of nation-wide absent class members.

**Defendants' Position:** Defendants maintain that the *F.G.* action (which still has not been served) is not properly brought as a class action on numerous grounds and that class treatment as to their claims is a nonstarter, including by the evident lack of superiority of this action as a putative class in light of the 14 otherwise related actions that Plaintiffs, including those represented by the same counsel, are pursuing as individual actions for personal injury damages in excess of $75,000 each. Defendants further note that this District in a similar case involving alleged personal injury damages relating to fertility services denied certification even as to a more limited "issues" class, citing the lack of efficiency and economy as well as the lack of superiority. *In re Pac. Fertility Center Litig.*, No. 18-CV-01586-JSC 2020 WL 3432689 (N.D. Cal. June 23, 2020). If anything, those concerns are even more pronounced here.

The parties certify they have reviewed the Procedural Guidance for Class Action Settlements.

**9.** **Related Cases:**

The cases in the caption above have been deemed related and are pending before this Court. In addition, the parties recently stipulated to relate two more cases, *N.O., et al. v. CooperSurgical, Inc., et al.*, Case No. 24-cv-02042 and *Oxendine et al v. The Cooper Companies, Inc. et al*, Case No. 24-cv-02168 (*E.F.* Dkt. No. 42).

Pursuant to Local Civil Rule 3-13, this action involves the same Defendants and a material part of the same subject matter as the actions listed in the table below, each of which are pending in both state and federal court. The complaints for the related state court actions are attached as Exhibits B–G. The Northern District of California cases not yet related are attached as Exhibits H–I. This list does not include actions that this Court already related in the orders relating cases dated April 4, 2024, and April 15, 2024, *E.F.* Dkt. Nos. 34, 39.

| Case Name | Court | Procedural Posture |
| --- | --- | --- |

| | | |
|---|---|---|
| *A.B. et al v. CooperSurgical, Inc., et al,* 23STCV30523; Ex. B | CA Superior Court - Los Angeles County | Complaint filed 12/14/2024; Demurrer to Complaint filed 3/21/2024; Hearing on Demurrer set for 9/17/2024 |
| *A.B. et al v. CooperSurgical, Inc. et al*, 24STCV00234; Ex. C. | CA Superior Court - Los Angeles County | Complaint filed 1/4/2024; Demurrer to Complaint filed 4/8/2024 |
| *E. F. et al. v. CooperSurgical, Inc., et al.*, 24STCV00238; Ex. D | CA Superior Court - Los Angeles County | Complaint filed 1/4/2024; Demurrer to Complaint filed 4/4/2024 |
| *A.H. v. The Cooper Companies, Inc., et al.*, 24STCV01785; Ex. E | CA Superior Court - Los Angeles County | Complaint filed 1/23/2024; Case Management Conference set for 5/22/2024 |
| *Poole, Kathryn v. CooperSurgical, Inc.*, 8:24-cv-01002-SDM; Ex. F | M.D. Fla. | Complaint filed 3/18/2024; Removed to federal court April 25, 2024. |
| *S.R. et al v. CooperSurgical, Inc. et al*, No. D-202-CV-202403331; Ex. G | NM Superior Court – Bernalillo County | Complaint filed April 23, 2024; Amended complaint filed April 26, 2024 |
| *N.O. et al v. CooperSurgical, Inc. et al*, No. 4:24-cv-2042-LB; Ex. H | N.D. Cal. | Complaint Filed April 3, 2024 |
| *Oxendine et al v. The Cooper Companies, Inc. et al*, No. 3:24-cv-02168-SK; Ex. I | N.D. Cal. | Complaint Filed April 11, 2024 |

Given the present action and these actions arise out of the same or similar alleged conduct and assert overlapping claims, Plaintiffs believe coordination wherever feasible will avoid conflicts, conserve resources, and promote an efficient determination of the common questions presented. *See* Civ. L.R. 3-13(b)(3)(B); *Cobarruviaz v. Maplebear, Inc.*, No. 15-CV-00697-EMC, 2016 WL 5725076, at *2 (N.D. Cal. Sept. 30, 2016).[‡] Counsel for plaintiffs in three of the California state cases are also counsel in the related federal cases and are committed to facilitating coordination. Plaintiffs' counsel are in communication with counsel in the remaining related actions, all of whom have agreed to coordinate efforts in their respective cases. Plaintiffs do not believe the federal cases should be stayed pending resolution of the state-court cases. Plaintiffs are not aware of any federal cases outside of this District.

Defendants do not object to relating these matters but do not agree to further consolidation nor to any joint trials. Defendants further maintain that the actions here are not properly before this Court and should be dismissed or transferred.

**10. Relief:**

**Plaintiffs' Position:** Plaintiffs seek all available monetary relief, including restitution, actual damages, and punitive damages, as well as injunctive and declaratory relief, reimbursement of their reasonable attorneys' fees, and costs of suit. Plaintiffs' calculation of damages for themselves and the proposed class is subject to development through discovery, including potential expert discovery and analysis.

The *F.G.* Class Plaintiffs have sought a protective order and corrective action regarding Defendants' settlement communications with unnamed class members. That briefing concluded on April 16, 2024. A hearing for the motion is set for May 30, 2024. Counsel for the Class Plaintiffs, however, have a conflict on May 30, and request that the Court re-set the hearing at its earliest available convenience.

**Defendants' Position:** Defendants acknowledge Plaintiffs are seeking personal injury damages and other relief.  Defendants dispute their entitlement to such relief and assert that the availability of any relief should be determined according to the law that governs Plaintiffs' respective claims and by the Courts with jurisdiction over their claims. Defendants have opposed Plaintiffs' motion for a protective order based on a lack of jurisdiction and on the merits that it should be denied.

In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

**11. Settlement and ADR:**

The Parties will file an ADR stipulation selecting private mediation on April 29, 2024.

**12. Other References:**

The Parties agree that binding arbitration is not proper in these cases, and they further agree that designation of a special master is not necessary at this juncture.

Plaintiffs believe that reference to the JPML is unnecessary at this point because the related cases are only pending in this District and the Southern District of Florida. Defendants believe it is too early for reference to the JPML, including but not limited to due to the initial defects in service, process, jurisdiction, and venue. Any need for referral to the JPML can be assessed as events develop.

**13. Narrowing of Issues:**

At this time, the parties have yet to identify issues that can be narrowed by agreement.

**14. <u>Scheduling:</u>**

**Plaintiffs' Position:** Plaintiffs propose the submission of a proposed case schedule concurrently with their Rule 26(f) Report, which they will submit within 14 days of conducting the conference in accordance with Federal Rule of Civil Procedure 26(f)(2).

Given the various plaintiffs and claims at issue in the cases before the Court, counsel for Plaintiffs assert that some process for the appointment of designated Plaintiffs' leadership would streamline the proceedings and facilitate the speedy and efficient prosecution of these time-sensitive cases. Plaintiffs propose the schedule below for these early case management activities:

**Plaintiffs' Proposal 1:**

| Event | Deadline |
|---|---|
| Applications for appointment to Plaintiffs' leadership | Within 14 days of entry of the accompanying proposed Order |
| Responses in support of applications to Plaintiffs' leadership | Within 7 days of applications for appointment |
| Deadline for Plaintiffs to serve early Rule 34 requests and jurisdictional discovery | 7 days after appointment of Plaintiffs' leadership |
| Deadline to complete Rule 26(f) conference | 21 days after appointment of Plaintiffs' leadership |
| Deadline for Defendants to produce responses to early Rule 34 requests and jurisdictional discovery | 14 days after service of jurisdictional discovery and 14 days before 30(b)(6) deposition on jurisdiction |
| Deadline for Defendants to produce a 30(b)(6) witness on jurisdiction | 35 days after service of jurisdictional discovery, unless otherwise agreed by the parties |
| Filing of administrative master long-form complaint | 30 days after appointment of Plaintiffs' leadership |
| Submission of Rule 26(f) Report and proposed case schedule | 14 days following Rule 26(f) conference |
| Responses to administrative master long-form complaint | 30 days after service of administrative service of long-form complaint§ |

**Plaintiffs' Proposal 2:**

| Event | Deadline |
|---|---|
| Applications for appointment to Plaintiffs' leadership | Within 14 days of entry of the accompanying proposed Order |
| Responses in support of applications to Plaintiffs' leadership | Within 7 days of applications for appointment |

§ If Defendants intend to respond via motion, the Parties should meet and confer and submit a proposed schedule for briefing the motion, including position statements on jurisdictional discovery, if appropriate, within 7 days of filing.

| Deadline to complete Rule 26(f) conference | 21 days after appointment of Plaintiffs' leadership |
| Filing of administrative master long-form complaint | 30 days after appointment of Plaintiffs' leadership |
| Submission of Rule 26(f) Report and proposed case schedule | 14 days following Rule 26(f) conference |
| Responses to administrative master long-form complaint | 30 days after service of administrative master long-form complaint |
| Deadline for Plaintiffs to serve early Rule 34 requests and jurisdictional discovery | 7 days after response to administrative master long-form complaint |
| Deadline for Defendants to produce responses to early Rule 34 requests and jurisdictional discovery | 14 days after service of jurisdictional discovery |
| Deadline for Defendants to produce a 30(b)(6) witness on jurisdiction | 35 days after service of jurisdictional discovery, unless otherwise agreed by the parties |

**Defendants' Position:**  Defendants assert that discovery should be stayed pending the determination of its motions as to the appropriateness of CooperCompanies as a party and issues of personal jurisdiction and venue as to CooperSurgical. The full scope of appropriate discovery and issues to be addressed in discovery will be unique to each matter and under the appropriate choice of law and in the appropriate jurisdiction and venue.

Defendants assert that the appointment of Plaintiffs' Leadership is entirely premature, given that the cases are not properly venued.  Defendants reserve the right to address the appointment of Plaintiffs' leadership in the future should that become necessary.

**15. Trial:**

Plaintiffs in each of the related cases have requested jury trials. While Plaintiffs may have better estimates closer to the trial dates, they currently anticipate the trials will require between 10 and 15 court days.

Defendants contend that each case should be tried separately, but believe it is premature to determine the length of trial and anticipate that the length of each trial will likely differ based on the unique circumstances of each case, and will be subject to the individual trial practices of the courts to which these cases should be transferred or in which they may be refiled after dismissal.

**16. Disclosure of Non-party Interested Entities or Persons:**

There are no other persons, firms, partnerships, corporations (including parent corporations), or other entities known by Plaintiffs to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

There are no other persons, firms, partnerships, corporations (including parent corporations), or other entities known by Defendants to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**17. <u>Professional Conduct</u>:**

All counsel of record for the Parties in these related cases have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**18. <u>Other Matters</u>**

As is more fully set forth in the accompanying proposed order, in the interest of clarity and administrative convenience, Plaintiffs propose that the caption of these related cases be changed to *In re Cooper Culture Media Products Liability Litigation*.

Defendants believe changing the caption is premature in light of its pending motions to dismiss in each action and the possibility that these cases will be dismissed or transferred to other venues.

In accordance with the Court's Order Setting Case Management Conference, the Parties address the following topics:

**A. Whether consolidation of some or all of these cases is feasible or desirable.**

Plaintiffs submit that coordination of the Related Actions is appropriate to increase efficiency and avoid duplication of effort. Plaintiffs do not believe consolidation of the individual cases is appropriate at this time, however. In the event other proposed class actions are filed, the *F.G.* Class Plaintiffs reserve the ability to seek consolidation of the class actions under Federal Rule of Civil Procedure 42(a).

Defendants agree that coordination of the Related actions is appropriate at this time and for purposes of resolving the threshold jurisdiction and venue issues. However, Defendants oppose

consolidation for any purpose. As to the putative *F.G.* class action, Defendants object to class action treatment and to the *F.G.* matter generally as is more fully set forth above.

**B.  Whether and how to identify and address issues common to all or most actions.**

**Plaintiffs' Position:** As is set forth in paragraph 4, Plaintiffs' assert Defendants' motions present several cross-cutting issues regarding the claims in this case:

(1) Whether there is personal jurisdiction for claims against CooperSurgical;

(2) Whether venue is appropriate in this Court;

(3) What law should be applied to the claims in the Related Cases;

(4) Whether Plaintiffs engage in impermissible group pleading as to Cooper Companies and CooperSurgical;

(5) Whether Plaintiffs allege sufficient facts to demonstrate that CooperCompanies is the parent company of CooperSurgical; and,

(6) Whether Plaintiffs' pleadings satisfy Rule 8.

To avoid the risk of inconsistent rulings and duplication of effort, Plaintiffs propose, within 30 days of appointment of designated Plaintiffs' leadership, Plaintiffs will file an administrative master long-form complaint to facilitate concentrated briefing of cross-cutting issues. *See* Paragraph 9 fn. ‡; *In re Syngenta*, Case No. 14-md-2591-JML-JPO, Dkt. No. 287, pp. 1-2 (D. Kan. March 10, 2015)) (The filing of an 'administrative complaint' does not alter the separate identities of the cases. Such complaints are merely an 'administrative summary of the claims brought by all the plaintiffs. . . [and] do not merge plaintiffs into a single case, nor do they merge all defendants into a single case . . . .); *see also* Annotated Manual for Complex Litig. (4th ed.) § 11.12 Interim Measures ("At the outset of the case, pending the initial conference, the judge can *sua sponte* initiate special procedures, including...creating a single master file for the litigation, eliminating the need for multiple filings of similar documents when related cases have common parties[.]"). As set forth in paragraph 4, above, following appointment of Plaintiffs' leadership, Plaintiffs anticipate meeting and conferring with Defendants concerning the format and timing for filing short form complaints.

**Defendants' Position:** Plaintiffs, throughout their positions expressed in this case management statement, blur the lines between an administrative complaint and a master complaint.

An administrative complaint is used for coordination efficiency but does not become the operative pleading. In addition to conflating these two distinct types of overarching complaints, Plaintiffs do not explain what efficiency they propose would be gained by such a filing, while Defendants submit such a filing would only further delay proper adjudication of the threshold issues of jurisdiction and venue. Moreover, the question of whether the Court should entertain such an amended filing depends largely on which type of filing they propose: a merely administrative complaint or a superseding master complaint (with or without accompanying short-form complaints). In addition, as with much of their proposals in this submission, Plaintiffs amended-complaint proposal is premature, as it presumes these actions will remain in this Court after resolution of Defendants' threshold motions on jurisdiction and venue.

Defendants therefore object to Plaintiffs' current proposal as stated since it creates procedural hurdles to efficient resolution of the motions that Defendants have already filed and impediments to the Court's procedural ability to rule on any future briefing that might be filed in connection with any mere "administrative" complaint. Notwithstanding these objections, if Plaintiffs' counsel work together to harmonize their pleadings such that certain issues can be coordinated for briefing, Defendants' do not oppose that approach. But that is not what they propose.

**C. Whether and at what time to appoint interim lead Plaintiffs' counsel for the purpose of communicating with the Court or otherwise.**

**Plaintiffs' Position:** Plaintiffs believe that appointment of designated leadership to facilitate the efficient and orderly progress of this litigation is appropriate. *See* Manual for Complex Litigation (Fourth) § 10.22. Plaintiffs' counsel have had ongoing discussions concerning an appropriate leadership and liaison structure for this litigation and welcome the Court's guidance.

As is set out in the accompanying proposed order, Plaintiffs' counsel have conferred and propose, subject to the Court's approval, that any counsel who has filed a Related Action may file an individual or joint application for consideration as lead counsel, liaison counsel, and/or member of a Plaintiffs' Steering Committee no later than fourteen (14) calendar days from the date of entry of the accompanying proposed order. Each attorney's individual or joint application shall not exceed ten (10) pages double-spaced and may include a firm resume(s). Counsel may file a three-page

double-spaced response (including attachments), no later than five (5) business days from the filing deadline of the initial applications. Counsel will be prepared to address these issues at the May 6 conference if the Court is so inclined. As to Defendants' objection to leadership proceedings, Plaintiffs' counsel note that some leadership structure will facilitate coordination of efforts for the "purpose of communicating with the Court and otherwise" (ECF 34) on even the threshold issues Defendants agree should be resolved in this Court.

**Defendants' Position:** Defendants assert that the appointment of Plaintiffs' Leadership is premature, given that the cases are not properly venued and jurisdiction is lacking. Defendants maintain Plaintiffs should be able to coordinate among themselves on appropriate course to respond on these threshold issues without the need to appoint a leadership structure, when it is entirely uncertain whether these cases will even remain here. Defendants reserve the right to address the appointment of Plaintiffs' leadership in the future should that become necessary.

**D. The status of all related cases pending in state or federal courts, including pretrial preparation, schedules and orders, and the need for any coordinated activity.**

All of the Related Actions remain in their early stages. Consistent with the above, the Plaintiffs believe that setting a case schedule should closely follow appointment of lead counsel, and Defendants believe setting any such schedule should be postponed pending determination of issues of jurisdiction and venue.  The Parties disagree as to whether discovery should be stayed pending determination of Defendants' threshold motions.

The state cases are also in early stages. In three of the California state cases, *A.B. et al v. CooperSurgical, Inc., et al*, 23STCV30523, *A.B. et al v. CooperSurgical, Inc. et al*, 24STCV00234, and *E. F. et al. v. CooperSurgical, Inc., et al.*, 24STCV00238, Defendants have filed demurrers but briefing is not yet complete. Defendants have requested an automatic extension of time to answer or respond to the fourth California complaint, *A.H. v. The Cooper Companies, Inc., et al.*, 24STCV01785. In two of the California state cases (24STCV00234 and 24STCV00238), the court denied complex determination, and the parties expect the California state cases to be related to the lowest-numbered case. In the Florida case, summons have issued and the Defendants removed to

federal court on April 25, 2024. In the New Mexico case, the plaintiff filed an amended complaint on April 25, 2024.

Plaintiffs believe that coordination across state and federal cases is imperative, and anticipate proposing that one aspect of Plaintiffs' leadership structure be designed to ensure the Related Actions proceed in coordination with related cases pending in state court.

Defendants assert that such issues are premature as set forth above, and that discussion of coordination among various state and federal actions should take place once Defendants' threshold jurisdiction and venue motions here are resolved and once the matters are either dismissed and refiled or transferred to their appropriate jurisdictions and venues.

### E. Consent to Magistrate Judge

One or more of the parties have declined the jurisdiction of the magistrate judge in all matters.

Respectfully submitted,

DATED: April 29, 2024

 /s/ *Tracey B. Cowan*

Tracey B. Cowan
**CLARKSON LAW FIRM, P.C.**
95 3rd St., 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Facsimile: (213) 788-4070
Email: tcowan@clarksonlawfirm.com

Ryan J. Clarkson
Shireen M. Clarkson
Olivia Eve Davis
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Facsimile: (213) 788-4070
Email: rclarkson@clarksonlawfirm.com
Email: sclarkson@clarksonlawfirm.com
Email: odavis@clarksonlawfirm.com

*Attorneys for Plaintiffs E.F. and G.H.; Q.R. and S.T.; I.J. and K.L.; M.N. and O.P.; CLF 001 and*

 /s/ *Sarah R. London*

Sarah Robin London
Tiseme Gabriella Zegeye
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: tzegeye@lchb.com
Email: slondon@lchb.com

Hannah R. Lazarz (*pro hac vice forthcoming*)
hlazarz@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Suite 1640
Nashville, TN  37201-2379
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

*CLF 002; CLF 003 and CLF 004; CLF 005 and CLF 006*

*Attorneys for Plaintiffs Kearsten Walden and Zachary Walden; Jamie Woods and Lee Woods; Brooke Oxendine and Michael Oxendine*

 /s/ *Dena C. Sharp*
Dena C. Sharp
Adam E. Polk
Nina R. Gliozzo
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dsharp@girardsharp.com
Email: apolk@girardsharp.com
Email: ngliozzo@girardsharp.com

*Attorneys for Plaintiffs F.G. and H.I. and the Proposed Class; A.B. and C.D.; J.K. and L.M.; N.O. and P.Q.; R.S.*

 /s/ Adam B. Wolf
Adam Brett Wolf
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 766-3545
Email: awolf@peifferwolf.com

Melisa Rosadini-Knott
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
3435 Wilshire Blvd., Suite 1400
Los Angeles, CA 90010
Telephone: (323) 982-4109
Email: mrosadini@peifferwolf.com

Corey Morgenstern
Michael A. Rose
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: 212-779-0057
Email: csmorgenstern21@gmail.com
Email: info@hachroselaw.com

*Attorneys for Plaintiffs J.B. and M.B.; M.N. and O.P.*

 /s/ Joseph M. Lyon
Joseph M. Lyon
**THE LYON FIRM**
9210 Irvine Center Drive
Irvine, CA 92618
Telephone: 513-381-2333
Facsimile: 513-766-9011
Email: jlyon@thelyonfirm.com

*Attorneys for Plaintiffs J.S. and A.S.*

DATE: April 29, 2024

_/s/ Jenny A. Covington_

Jenny A. Covington
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1600 Utica Avenue South, Suite 600
Minneapolis, MN 55416
Telephone: (612) 464-7626
Facsimile: (612) 255-0739
Email:
jenny.covington@nelsonmullins.com

Carolyn Taylor
Roger Gallic Perkins
**Clark Hill, LLP**
One American Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460
Email: ctaylor@clarkhill.com
Email: rperkins@clarkhill.com

Elizabeth Ann Evans
David M. Perl
**Clark Hill, LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: 213-891-9100
Email: eevans@clarkhill.com
Email: dperl@clarkhill.com

*Counsel for Defendants, CooperSurgical, Inc. and The Cooper Companies, Inc.*

**ATTESTATION OF FILER**

Pursuant to Local Rule 5-4.3.4, the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 29, 2024                              */s/ Tracey B. Cowan*
                                                    Tracey B. Cowan

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Tracey B. Cowan*
Tracey B. Cowan